UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
FEB 28 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

STEVEN A HEWITT,

    Plaintiff,

v.

MICHAEL R. POMPEO,

    Defendant.

Civil Action No. 19-0387 (UNA)

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will GRANT the application and DISMISS the complaint.

In 2007, Plaintiff filed a civil action in this court alleging that he had been discriminated against on the basis of his disability when the United States Department of State terminated his employment effective December 31, 1991. The court granted summary judgment for Defendant "[b]ecause it is undisputed that plaintiff failed to properly exhaust his administrative remedies by seeking EEO counseling in a timely manner[.]" *Hewitt v. Rice*, 560 F. Supp. 2d 61, 66 (D.D.C. 2008). On appeal, the District of Columbia Circuit granted Defendant's motion for summary affirmance because Plaintiff "did not contact a counselor within a reasonable time and therefore his Rehabilitation Act claim is barred by the doctrine of laches." *Hewitt v. Clinton*, No. 08-5383, 2009 WL 1953803, at *1 (D.C. Cir. Mar. 12, 2009) (per curiam).

In this action Plaintiff essentially asks to relitigate his disability discrimination claim. He may not do so, however. Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). The doctrine of res judicata, or claim preclusion, provides "that 'a judgment on the merits in a prior suit bars a second suit involving the same parties . . . based on the same cause of action.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). Here, res judicata bars Plaintiff's claims because "there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted).

The Court concludes that Plaintiff's claims are barred under the doctrine of *res judicata*, and, accordingly, the complaint will be dismissed. An Order accompanies this Memorandum Opinion.

DATE: February 28, 2019

_____
United States District Judge